IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-498-H

GARRY SANDERS,  )
 )
   Plaintiff, )
 )  **ORDER and**
 )  **MEMORANDUM &**
v. )  **RECOMMENDATION**
 )
 )
JOHN ELUWA, Wake County Public )
Defender, )
 )
   Defendant. )
 )

This pro se case is before the court on the application [DE #1] by Plaintiff Garry Sanders to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Malcolm J. Howard, Senior United States District Judge. For the reasons set forth below, Plaintiff's application to proceed in forma pauperis is allowed, and it is recommended that Plaintiff's claims against Defendant be dismissed.

### IFP MOTION

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks

omitted). Based on the information contained in Plaintiff's affidavit, the court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Thus, Plaintiff's application to proceed *in forma pauperis* is allowed.

## BACKGROUND

Plaintiff brings claims against John Eluwa, an attorney appointed to represent him on criminal charges in Wake County Superior Court. Plaintiff asserts that Defendant violated his Twelfth and Fourteenth Amendment rights by having Plaintiff convicted of driving while impaired ("DWI"), of which Plaintiff claims he is not guilty. Plaintiff also generally contends that Defendant violated his civil rights, rendered insufficient service, and discriminated against Plaintiff because of his race.

## DISCUSSION

I. Background

Plaintiff maintains that Defendant, acting as Plaintiff's defense attorney had him convicted of a DWI in Wake County Superior Court . Defendant was appointed to represent Plaintiff in 2007 to address a 1999 DWI with which Plaintiff had been charged. Plaintiff reports that, in 2007, he tried to obtain a driver's license and was told by the North Carolina Department of Motor Vehicles that he had a DWI charge he had to clear up before he would be able to obtain a license.[1] Plaintiff went to the

---

[1] Plaintiff has attached Defendant's answer to a complaint Plaintiff filed in state court. Defendant's answer indicated Plaintiff was charged in 2007 with simple possession of marijuana, second degree trespass and consuming a malt beverage on premises without permit, and these charges were what led to the

2

Wake County Clerk of Court in order to resolve the issue and requested that the DWI be docketed so that he might handle the situation in court. The DWI had been previously dismissed.[2] The DWI was re-instated and Plaintiff was arrested. Plaintiff later pled guilty to DWI, though he maintains he is innocent of the crime.[3]

Plaintiff filed a complaint in state court, which is almost identical to the complaint filed in this action. On December 12, 2011, the state-court action was dismissed for failure to state a claim and for Plaintiff's failure to appear at the motion hearing. Plaintiff moved to set aside the court's previous order because he was in jail at the time of the motion hearing. On August 26, 2014, the state superior court denied Plaintiff's motion to set aside, and Plaintiff subsequently filed this action.

Plaintiff requests the following relief: (1) money damages in excess of $10,000; (2) relief from the one-year probation he was sentenced to as a result of the DWI conviction; (3) relief from being turned down for jobs due to his lack of transportation; (4) "[r]elief for having to take 40 hours of DWI assessment classes to restore driver's license"; and (5) the removal of the DWI conviction from his criminal record. (Compl. at *4 [DE #1-1].)

---

discovery of Plaintiff's 1999 charges. (Answer at 12 [DE #1-4].) The 1999 charges included: two charges of driving while license revoked, driving while impaired, no operator's license, and driving with an open container after consuming alcohol. (Answer at 12.)

[2] Defendant's answer in the state court case indicates that Plaintiff's DWI was previously dismissed due to Plaintiff's failure to appear in court and the age of the case. (Df.'s Answer at 12.)

[3] Defendant's answer indicates Plaintiff pleaded guilty pursuant to an agreement and that Plaintiff's other 1999 and 2007 charges were dismissed. (Answer at 12.)

3

## II. Standard for Frivolity Review

Notwithstanding the determination that Plaintiff is entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the *Federal Rules of Civil Procedure* requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to

4

contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

### III. *Rooker-Feldman* Bar

Plaintiff is challenging the state court's criminal and civil orders convicting him of DWI and dismissing his essentially identical state court complaint. This court lacks jurisdiction as Plaintiff's right to appeal would lie in the North Carolina appellate courts and, thereafter, to the United States Supreme Court. As recognized by the Supreme Court, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *see also Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198-99 (4th Cir. 2000). "[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Plaintiff has requested

> [r]elief in excess of $10,000 or whatever the court deems appropriate for wrongful conviction of the DWI. Relief from being placed on probation for one year and having to walk one mile to and from beyond the busline to see probation officer. Relief from having been turned down for numerous good paying jobs. Relief from having to take 40 hours of DWI assessment classes to restore driver's license. . . [and the DWI] conviction taken off [his] criminal/driving record.

5

(Compl. at 4.) This would necessarily require review of the state-court judgments, which is prohibited under the *Rooker-Feldman* doctrine. Because the court is without jurisdiction to review the judicial actions of the Wake County Superior Court, Plaintiff's claims against Defendant should be dismissed.

## CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that Plaintiff's claims be DISMISSED for lack of jurisdiction.

The Clerk shall send a copy of this Memorandum and Recommendation to the pro se Plaintiff, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 29th day of April 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge